IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TUCARA ANN TAYLOR,            )
                              )
    Petitioner,           )
                              )
                              )    No. CIV-17-871-M
v.                            )
                              )
DAVID PRATER, District Attorney, )
                              )
    Respondent.           )

## REPORT AND RECOMMENDATION

Petitioner, an Oklahoma state pretrial detainee appearing *pro se*, filed this action on August 14, 2017, seeking habeas relief pursuant to 28 U.S.C. § 2241. On August 15, 2017, United States District Judge Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On August 16, 2017, Petitioner was advised in an Order to Petitioner to Cure Deficiency (Doc. # 4) that her initial documents were deficient in that she had not submitted an *in forma pauperis* application or paid the filing fee. The Clerk of the Court was directed to mail to Petitioner by regular mail the appropriate forms, and

1

Petitioner was directed to cure the designated deficiency by September 5, 2017.[1]
Petitioner was also advised that failure to comply with the Order would result in a recommendation that the action be dismissed without prejudice and without further notice.

To this date, Petitioner has not complied with the Court's Order. She has not complied with the Court's Order by either paying the filing fee or submitting an *in forma pauperis* application. Nor has she requested an extension of time to comply with the Court's Order.

The undersigned finds that Petitioner's failure to comply with this Court's Order, together with the Court's right and responsibility to manage and control its case load, warrants dismissal of this action without prejudice. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(noting the court applies Fed. R. Civ. P. 41(b) to allow *sua sponte* dismissal for "failure to . . . comply with the rules of civil procedure or court's orders").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Petitioner's 28 U.S.C.

---

[1] The Court's docket in this case reflects that the appropriate forms were, indeed, mailed to Petitioner on August 16, 2017, at her last known address.

§ 2241 cause of action be DISMISSED without prejudice due to her failure to comply with the Court's Order. Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 4th, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __14th__ day of __September__, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE